## DODGE ELEVATOR COMPANY v. HARTFORD FIRE INSURANCE COMPANY.[1]

December 21, 1917.

No. 20,585.

**Insurance — grain in car after issue of bill of lading — construction of policy.**

A fire insurance policy covered grain owned by the insured while contained in its elevators, warehouses or sheds, "or while in cars on tracks within 100 feet thereof." Fire destroyed the elevator and grain in a railway car on a track within 100 feet thereof. This grain had been loaded by the insured for shipment and a bill of lading had been issued by the railway company. Insured was the consignee as well as the consignor, and owned the grain in the car. It is *held*:

(1) The grain in the car was covered by the policy.

(2) There was no change in the interest or title of the subject of insurance, and no such change in the possession thereof as avoids the policy under the "alienation" clause.

Action in the district court for Hennepin county to recover $617.48 upon a fire insurance policy. Defendant's demurrer to the complaint was overruled, and Molyneaux, J., certified that the question presented by the demurrer was important and doubtful. Affirmed.

*M. H. Boutelle,* for appellant.

*Cray & Eaton,* for respondent.

BUNN, J.

The trial court overruled the demurrer of defendant to the complaint and certified that the question presented was in its opinion important and doubtful. Defendant appeals from the order.

The action was to recover for the loss by fire of a carload of wheat standing on a railroad track within 100 feet of plaintiff's elevator at Bathgate, North Dakota. The complaint set out the policy in full.

[1] Reported in 165 N. W. 487.

It insured plaintiff against loss or damage by fire upon grain, etc., "their own or held by them in trust or on commission, or sold but not removed, or held in storage; if in case of loss the assured is liable therefor; while contained in the elevators, warehouses or sheds specifically described in the schedule hereto attached, or *while in cars on tracks within* 100 *feet* thereof." The facts in relation to the destruction by fire of this car of grain are stated as follows:

On the tenth day of September, 1915, the plaintiff loaded into Great Northern Railway Company's car No. 16,239, 1,317 bushels of wheat, and said car then and there stood on the service track running to said elevator and within 25 feet of said elevator. On said day the plaintiff filled out a certain bill of lading covering said car, and on the eleventh day of September, 1915, plaintiff presented said bill of lading to the railway company, and on the same day at about 10 a. m. the bill of lading was signed by the agent of the railway company, and the words "Protected over night by locks" written therein. The bill of lading shows that the car was consigned to plaintiff at Minneapolis, plaintiff also being the consignor. The fire occurred about five o'clock in the afternoon of September 11. It destroyed the elevator and the car of wheat.

Defendant contends (1) that the car of wheat was not covered by the policy; (2) if it was, the facts stated show a breach of the conditions against change of interest or possession.

1. Counsel for defendant argues that the provision of the policy extending the liability of the insurer to grain in cars on tracks within 100 feet of the elevator has exclusive reference to grain the legal status of which was identical with that stored in the elevator or otherwise on the premises; and does not apply to grain loaded in cars and delivered to a carrier for shipment. He claims that this was grain in transit, that the carrier was liable as insurer, and that defendant was not. It seems to us that to adopt this view would be adding a condition to the policy. It says that grain in cars is insured. To hold that this does not mean grain which the insured has loaded in cars for the purpose of shipment, but only grain that happens to be in cars instead of in the elevator, is doing violence to the plain terms of the policy. We do not see that the legal status of this grain was materially different from that of any other grain on the insured premises. Counsel claims

that, to make the insurer liable, it must be grain for the loss of which the insured would be responsible, and that as the grain had been delivered to the carrier the responsibility of the insured was at an end. This argument is based upon the above quoted language of the policy: "If in case of loss the assured is liable therefor." Defendant claims that this clause applies to grain owned by the assured, but it is plain that it applies only to grain not belonging to the insured, as that "held * *,* in trust or on commission, or sold but not removed." Where the grain is owned by the insured, there is no sense in speaking of the insured being liable for its loss. This grain still belonged to plaintiff, and was in a car within 100 feet of the elevator. We have considered quite carefully the rather ingenious argument of counsel, but find it unnecessary to follow it further. The grain to recover for the loss of which the action is brought was covered by the policy.

2. The policy contained the standard provision making the policy void if any change takes place in the "interest, title, or possession of the subject of insurance." There was manifestly no change in "interest" or "title" but defendant contends there was a change in "possession." We think that this clause has no application to such a technical change of possession as there was when the car was loaded and the bill of lading issued. The owner had as much interest as ever to be protected by insurance. It was clearly contemplated that grain would be loaded into cars and shipped, and as clearly provided that the insurance covered grain so loaded, as long as the cars remained within the specified distance of the elevator. We see nothing in the authorities cited by counsel that warrants a different conclusion.

Order affirmed.